**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EDWARD POTTS,

                                  **Plaintiff,**

-vs-                                                                  Case No. 6:10-cv-314-Orl-22GJK

EVENT SUPPORT GROUP, INC.,

                                  **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 12)** |
| **FILED:** | May 11, 2010 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

**I.    BACKGROUND.**

On February 25, 2010, Edward Potts (the "Plaintiff") instituted this action by filing a complaint (the "Complaint") against Event Support Group, Inc. (the "Defendant") alleging a violation of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On March 5, 2010, Plaintiff served the registered agent of Defendant with a copy of the summons and the Complaint. Doc. No. 7. The Defendant failed to respond to the Complaint and on April 23, 2010, the Clerk entered default against the Defendant. Doc. No. 9.

On May 11, 2010, Plaintiff filed a Motion for Entry of Final Default Judgment (the "Motion"). Doc. No. 12. The Motion seeks a judgment against Defendant for a total amount of $1,645.00 representing $622.50 in unpaid overtime compensation, $622.50 in liquidated damages, and $400 in costs. Doc. No. 12 at ¶¶ 11, 14. The Defendant failed to file any opposition to the Motion.

## II. THE LAW.

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION.

### A. Wages.

In his affidavit, Plaintiff states that he was employed by Defendant from November 2007 through June 2009. Doc. No. 12-1 at 2. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled

to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id*.[1] Plaintiff states that during the relevant time period, his regular rate of pay was $8.00 per hour, but he was only paid $11.00 per hour for all overtime hours worked. *Id*. at ¶ 4. Thus, Plaintiff maintains that the Defendant wrongfully withheld $1.00 from him for each hour of overtime worked. *Id*. Plaintiff estimates that he worked an average of 7.5 hours of overtime per week. *Id*. at ¶¶ 5-6. Accordingly, Plaintiff maintains he is owed $7.50 for each of the 83 three weeks of work for a total of $622.50 in unpaid overtime wages and an equal amount in liquidated damages. *Id*. Pursuant to 29 U.S.C. § 216(b), the Defendant is liable for liquidated damages, which equal the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Therefore, Plaintiff's total damages claim is $1,245.00. *Id*. at ¶ 6.

    **B.**    **Attorneys' Fees.**

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In the Motion, Counsel for Plaintiff does not request any attorneys' fees. Doc. No. 12.

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

### C. Costs.

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $400.00 for the filing fee ($350.00) and costs of service of process ($50.00). Doc. Nos. 12 at ¶ 14, 12-3. The filing fee and the costs of service of process are allowable under the statutes to the extent reasonable. *See* 28 U.S.C. § 1920; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Thus, it is recommended that the Court find Plaintiff's request for an award of $400.00 in costs is reasonable.

### IV. CONCLUSION.

Therefore, it is **RECOMMENDED** that:

1. Plaintiff's Motion (Doc. No. 12) be **GRANTED**;
2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:
    a. $622.50 in unpaid overtime compensation;
    b. $622.50 in liquidated damages;
    c. $400.00 in cost; and
3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party